UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WONDER WILLIAMS,

                        Plaintiff,

     v.                                                  9:13-CV-0965
                                                             (GLS/RFT)

CORRECTIONAL OFFICER LANE, et al.,

                        Defendants.
_____

APPEARANCES:

WONDER WILLIAMS
10-A-0102
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

GARY L. SHARPE
Chief United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

    Plaintiff Wonder Williams commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). Plaintiff thereafter submitted an amended complaint, which replaced and superceded the original complaint. Dkt. No. 9 ("Am. Compl."). Plaintiff also paid the entire filing fee required for this action. By Decision and Order filed December 6, 2013, the Court denied plaintiff's IFP Application without prejudice, as incomplete, because it had not been certified by an appropriate official at his correctional facility as required by this District. Dkt. No. 11 (the "December Order") at 3.

Following review of in accordance with 28 U.S.C. § 1915A(b), the Court also dismissed the entire amended complaint because it failed to state a claim upon which relief may be granted. *See generally* December Order. In light of his pro se status, plaintiff was given an opportunity to file a second amended complaint. *Id*. Currently pending review is plaintiff's second amended complaint. Dkt. No. 12 ("Sec. Am. Compl.).

## II. DISCUSSION

### A. Review of the Second Amended Complaint

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) was discussed at length in the December Order and it will not be restated in this Decision and Order. *See* December Order at 3-5.

Plaintiff's second amended complaint asserts a claim arising out of his confinement at the Auburn Correctional Facility. Sec. Am. Compl. at 3. Plaintiff alleges that beginning in May, 2010, and continuing on a regular basis for months, defendant Lane interfered with plaintiff's receipt of his incoming non-legal mail without authorization. *Id*. at 3-7. Plaintiff contacted both defendants McCarthy and Chuttey on more than one occasion about defendant Lane's alleged misconduct, but they did not correct the wrongdoing. *Id*. Plaintiff seeks monetary damages and declaratory relief. *Id*. at 9. For a complete statement of plaintiff's claims, refer to the second amended complaint.

Construed liberally, plaintiff alleges a First Amendment mail-interference claim against defendant Lane and a claim that defendants McCarthy and Chuttey, as supervisors, failed to properly supervise or train defendant Lane, or to correct his misconduct after receiving reports of same. Mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the second amended

complaint alleges enough to warrant a responsive pleading from defendants Lane, McCarthy, and Chuttey. Thus, the second amended complaint is accepted for filing, and is the operative pleading. In so ruling, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

Plaintiff has not named Howard Graham, Karen Bellamy, John Doe (Deputy Superintendent), M. Courtney, C.O. Chandler, John Doe # 1 (Sergeant), Stock, John Doe (Correctional Officer), or John Doe # 2 (Sergeant), as defendants in his second amended complaint, nor has he included any allegations of wrongdoing by them. Accordingly, Howard Graham, Karen Bellamy, John Doe (Deputy Superintendent), M. Courtney, C.O. Chandler, John Doe # 1 (Sergeant), Stock, John Doe (Correctional Officer), or John Doe # 2 (Sergeant) are dismissed without prejudice as defendants to this action.

### B. Service of Process

As part of his second amended complaint, plaintiff requests service of his summons and complaint by the U.S. Marshals Service. Sec. Am. Compl. at 9. Where a plaintiff has been authorized by the Court to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the U.S. Marshals Service is appointed to effect service of process of the summons and complaint on his behalf. *See* Fed. R. Civ. Pro. 4(c)(2) (U.S. Marshal must be appointed to serve process when plaintiff is authorized to proceed in forma pauperis)); 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases."). Thus, once the plaintiff has identified the defendants, the U.S. Marshals Service must undertake to locate them and accomplish the service. In addition, Rule 4(c) of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a

3

person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

In this case, plaintiff paid the entire filing fee for this action. Although he also requested in forma pauperis status, his IFP Application was denied without prejudice as incomplete, because it was not signed and certified by an appropriate official at his correctional facility. *See* December Order at 3, 21. As a result, plaintiff is responsible for serving the summons and complaint on the defendants. However, plaintiff is free to submit a renewed, completed, signed, and properly certified IFP Application to the Court for consideration.[1] If his IFP Application is granted, the Court will direct the U.S. Marshal to effect service of process on plaintiff's behalf. Alternatively, if plaintiff is not indigent, or otherwise elects not to seek in forma pauperis status, in light of the fact that plaintiff is incarcerated and proceeding pro se, and in order to advance the disposition of this action, plaintiff may request an order of this Court directing service by the U.S. Marshal, **provided** that plaintiff pays the service fee to the U.S. Marshal in full **in advance** by money order or certified check.[2]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the second amended complaint (Dkt. No. 12) is accepted for filing and is deemed the operative pleading; and it is further

---

[1] Although plaintiff has paid the filing fee required for this action, in forma pauperis status affords plaintiff other benefits apart from deferring full payment of the filing fee. For example, as noted above, where a plaintiff is granted in forma pauperis status, the U.S. Marshals Service is appointed to effect service of process of the summons and complaint on the plaintiff's behalf.

[2] Payment in cash or by personal check is not acceptable. For service by mail, the fee is $8.00 per summons and complaint. The cost of service by mail on the three defendants in this action is $24.00. Plaintiff is also advised that, if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

**ORDERED** that Howard Graham, Karen Bellamy, John Doe (Deputy Superintendent), M. Courtney, C.O. Chandler, John Doe # 1 (Sergeant), Stock, John Doe (Correctional Officer), or John Doe # 2 (Sergeant), and all claims against them, are **DISMISSED without prejudice** as defendants; and it is further

**ORDERED** that plaintiff is afforded an opportunity to either (1) submit a completed and signed IFP Application which has been signed and certified by an appropriate official at his facility; or (2) request an order of this Court directing service by the U.S. Marshal and provide payment of the service fee to the U.S. Marshal in full by money order or certified check; and it is further

**ORDERED** that upon plaintiff's submission of an IFP Application or request for assistance with service of process, the Clerk shall return the file to the Court for further review; and it is further

**ORDERED** that if plaintiff does not submit an IFP Application or a request for assistance with service of process **within twenty (20) days** of the filing date of this Decision and Order, the Clerk shall issue summonses and forward them to plaintiff, who shall be responsible for effecting service of process on defendants Lane, Chuttey, and McCarthy. Upon issuance of the summons, the Clerk shall send a copy of the summons and second amended complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that defendants Lane, Chuttey, and McCarthy, or their counsel, file a response to the second amended complaint as provided for in the Federal Rules of Civil Procedure after service of process upon them; and it is further

5

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket**.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

     **ORDERED** that the Clerk serve a copy of this Decision and Order on the plaintiff.

**IT IS SO ORDERED.**

Dated:   June 6, 2014
          Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court